{¶ 22} I concur with the majority's decision. I write separately only to distinguish my prior decision in Rohr v. Cincinnati Ins. Co., Stark App. No. 2001CA00237, 2002-Ohio-1583, from the facts of the case sub judice.
 {¶ 23} Rohr involved an accident and subsequent settlement with the tortfeasor and his carrier prior to the Ohio Supreme Court's decision in Scott-Pontzer. I concluded the notice and subrogation requirements may not be imputed where coverage results by operation of law as the coverage was not intended by the parties and was not the subject of any negotiated restrictions or conditions. Id. at 9.
 {¶ 24} However, in the case currently before the court, I agree with the majority because the accident occurred only a few months prior to the Ohio Supreme Court's announcement of the Scott-Pontzer decision and the releases were executed almost two years after the Supreme Court's decision. Therefore, it is appropriate to apply the provisions of the contract of insurance concerning notice and subrogation requirements since settlement occurred subsequent to the Supreme Court's decision inScott-Pontzer, even though coverage applied by operation of law, as Appellee Ross was aware that he had a Scott-Pontzer claim.